CV 08 2360

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOAN DICENZO,

               Plaintiff,

   -against-

SUNRISE CREDIT SERVICES, INC.,

               Defendant.

-----------------------------------------------------------X

*Class Action*
**COMPLAINT**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
JUN 12 2008
LONG ISLAND OFFICE
SPATT, J.
LINDSAY, M.

      Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, Sunrise Credit Services, Inc., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Lackawanna, New York.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its executive office and principal place of business in Farmingdale, New York.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the defendant conducts business in this district and has sufficient ties to the jurisdiction and as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff's grandson, Michael Piskorowski from one Arrowood Indemnity.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. That on or about February 10, 2008, the Defendant began contacting the Plaintiff by telephone.

9. That Plaintiff spoke with one representative of the Defendant at , Inc., who demanded payment of the alleged debt. .

10. That plaintiff advised that the debt may belong to Michael Piskorowski and that she was on social security and could not afford to make a payment.

11. That Defendant's agent advised that "if you don't make payment arrangements, you're going to have the police at your door!".

12. That Plaintiff advised that she could not afford to pay and disputed the debt.

13. That despite Plaintiffs dispute, the Defendant persisted with threats of "Police" being sent to her home.

14. That despite Plaintiffs request to cease from further calls, the Defendant persisted with continuous phones calls between the months of February through April of 2008.

15. That on or about March 6, 2008, Defendant sent a dunning notice to the Plaintiff. A copy of said notice is attached hereto and made part hereof.

16. That said dunning notice fails to clearly convey that the communication is from a debt collector and any information obtained shall be used for that purpose.

17. That although said language is incorporated into the letter as required by law, the words

18. are overshadowed and typed over so as to blur the notice required by law.
19. Upon information and belief the interest rates and charges are unlawfully inflated.
19. That the correct debt amount is not accurately reflected in the letter as same is inflated with various interest and fees.
20. That upon information and belief, this is the initial communication with the Plaintiff in writing and fails to contain a validation notice as required by law.
21. That said letter falsely threatens legal action that is not intended to be taken by stating:

"O.K., YOU HAVE MADE IT CLEAR. YOU REFUSE TO PAY THE MONEY YOU RIGHTFULLY OWE ARROWOOD INDEMNITY/TUITIONGARD. NOW, WE WOULD LIKE TO MAKE SOMETHING CLEAR TO YOU.

ONE WAY OR ANOTHER, YOU MAY HAVE TO PAY THIS DEBT.

ARROWOOD INDEMNITY/TUITIONGARD MUST NOW DETERMINE HOW TO PROCEED. THEY CAN OPT TO FILE A LAWSUIT AGAINST YOU. THIS MAY RESULT IN YOUR BEING REQUIRED TO APPEAR AS A DEFENDANT IN A COURT OF LAW."

22. That said language is contradictory in and of itself and is threatening to the consumer.
23. That the plaintiff has suffered from severe anxiety which was seriously aggravated by means of defendants's conduct.
23. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), and (f) in that communications to the plaintiff by the defendant are false, deceptive, unfair, threatening and suggestive of criminal behavior and done in furtherance of abusing the plaintiff to coerce payment of a disputed debt, under duress and harassment.
24. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages, costs and attorney's fees.

## CLASS ALLEGATIONS

25. The first cause of action is brought on behalf of plaintiff and the members of a class.

26. The class consists of consumers who received the same form letter, as did the plaintiff.

27. The Class consists of all persons whom Defendant's records reflect resided in the state of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about March 6, 2008, (b) the collection letter was sent to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false threats of legal action and deceptive practices, 1692g for contradicting and confusing the consumer as to his/her rights and 1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion.

28. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A)   Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

   (B)   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

   (C)   The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

29. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

32. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), (e), (d) and (f)

    (a) Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

    (b) Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

 (c) Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

 (d) Defendant violated 15 U.S.C. § 1692d by harassing the consumer

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

 (a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the fist cause of action.

 2. Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

 (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

 (d) For such other and further relief as may be just and proper.

Dated: New York, New York
   June 4, 2008

Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(866) 288- 9194 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein (AG-2888)

**DAVID P. DURYEA**
Collections - Vice President

**SUNRISE CREDIT SERVICES, INC.**
260 Airport Plaza, Farmingdale, NY 11735
1-800-645-9824  FAX: 1-631-501-8534

Hours: Mon. 8AM–10PM, Tues. 8AM–11PM,
Wed./Thurs. 8AM–10PM, Fri. 8AM–9PM, Sat. 8AM–8PM

CLIENT:  ARROWOOD INDEMNITY/TUITIONG.

R2 2999087
JOAN DICENZO                PRINC AMT: $ 13646.37
38 BOARDMAN RD.                  OTHER CHGS:   1624.95
LACKAWANNA, NY 14218              BAL DUE: $ 15271.32

MARCH 6, 2008

DEAR CO-MAKER:

    RE:  PISKOROWSKI, MICHAEL L.
        38 BOARDMAN RD
        LACKAWANNA          NY 14218-2905

O.K., YOU HAVE MADE IT CLEAR.  YOU REFUSE TO PAY THE MONEY
YOU RIGHTFULLY OWE ARROWOOD INDEMNITY/TUITIONGARD .  NOW, WE
WOULD LIKE TO MAKE SOMETHING CLEAR TO YOU.

ONE WAY OR ANOTHER, YOU MAY HAVE TO PAY THIS DEBT.

ARROWOOD INDEMNITY/TUITIONGARD  MUST NOW DETERMINE HOW TO PROCEED.
THEY CAN OPT TO FILE A LAWSUIT AGAINST YOU.  THIS MAY RESULT
IN YOUR BEING REQUIRED TO APPEAR AS A DEFENDANT IN A
COURT OF LAW.

YOUR OPPORTUNITIES TO RESOLVE THIS MATTER ARE QUICKLY
RUNNING OUT.

PAY OR CALL US NOW!

                                      YOURS TRULY

                                      DAVID P. DURYEA
                                      COLLECTIONS – VICE PRESIDENT
                                      SUNRISE CREDIT SERVICES, INC.

NEW YORK CITY LICENSE # 0902582.
***PLEASE REFER TO REVERSE SIDE FOR IMPORTANT INFORMATION***
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

| CREDITOR | AMOUNT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| ARROWOOD INDEMNITY/TUITIONGARD | 6,716.86 | 737.89 | 0.00 | 7,454.75 |
| ARROWOOD INDEMNITY/TUITIONGARD | 3,464.76 | 443.53 | 0.00 | 3,908.29 |
| ARROWOOD INDEMNITY/TUITIONGARD | 4,464.75 | 443.53 | 0.00 | 3,908.28 |
| TOTAL | 14,646.37 | 1,624.95 | 0.00 | 15,271.32 |

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
PLEASE REFER TO REVERSE SIDE FOR IMPORTANT INFORMATION.